UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
(MILWAUKEE)

| | |
|---|---|
| ALLOC, INC., a Wisconsin corporation, BERRY FINANCE N.V., a Belgian Corporation, and VALINGE INNOVATION AB (f.k.a. Valinge Aluminium AB) AB, a Swedish corporation, <br><br> Plaintiffs, <br><br> v. <br><br> UNILIN DÉCOR, N.V., a Belgian Corporation, and BHK of AMERICA, INC., a New York corporation, and PERGO, INC., a Delaware corporation, <br><br> Defendants. | Case No.: 00-C-0999 <br> Hon. Rudolph Randa |

## STIPULATED PROTECTIVE ORDER

WHEREAS, the parties to this Protective Order, Alloc, Inc. ("Alloc"), Berry Finance N.V. ("Berry Finance"), Valinge Innovation AB ("Valinge"), Unilin Décor, N.V. ("Unilin"), BHK of America ("BHK"), and Pergo, Inc. ("Pergo"), are engaged in the above-captioned litigation requiring them to identify and disclose certain documents and other tangible items;

WHEREAS, each party believes it possesses confidential information within the contemplation of Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS, each party believes certain answers to interrogatories and requests for admissions, certain documents produced, certain information obtained from inspection of premises and things, and certain testimony at depositions, which it may provide in response to

discovery requests made by the other party, may require disclosure of confidential information within the contemplation of Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS, each party believes it is in the interests of all parties to conduct discovery under a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, each party has stipulated and agreed to the provisions herein and moves the Court for entry of this Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:

IT IS HEREBY ORDERED THAT:

1. This Protective Order shall apply to all information, documents, premises, and things which are produced or made available during the course of discovery in this case, and which are owned or in the custody or control of plaintiffs or defendants, or of any parents, subsidiaries, divisions, branches, and affiliates of plaintiffs or defendants, or of any other parties added or substituted into this case, including, without limitation, testimony at depositions upon oral examination or upon written questions pursuant to Rule 33, documents produced pursuant to Rule 34, and answers to requests for admission pursuant to Rule 36 of the Federal Rules of Civil Procedure.

2. With respect to all information, documents, premises, and things which are subject to discovery in this case in whatever form produced, disclosed, or contained (hereinafter, "Discovery Material"), whether or not any or all of the same is designated by any party as containing or disclosing confidential information of that party, all parties agree that all such Discovery Material produced by any party or a third party will be used exclusively for the purpose of prosecuting or defending the above-captioned litigation between the parties hereto

and will not be used for any other purpose without the express written permission of the producing party.

   3. The parties are engaged in the very competitive laminate floor paneling industry. In this industry, each party's manufacturing, marketing, and pricing information is extremely confidential, proprietary, sensitive and protected. The unintended disclosure of this information would result in unfair competitive advantage to the recipient. In order to keep such information safeguarded, Discovery Material produced in the course of this action may be designated by the producing party as (i) CONFIDENTIAL INFORMATION or (ii) RESTRICTED INFORMATION. As a general guideline, Discovery Material designated as CONFIDENTIAL INFORMATION shall be that Discovery Material which contains or reflects confidential, proprietary, commercially sensitive, trade secret, or other information which the producing party believes in good faith it is entitled to maintain in confidence, and which is not in the public domain. As a general guideline, Discovery Material designated as RESTRICTED INFORMATION shall be that Discovery Material which satisfies the general guideline for CONFIDENTIAL INFORMATION and which the producing party in good faith deems particularly sensitive (e.g., financial information, technical information, and certain trade secrets).

   Each deposition, hearing, or trial transcript page, each interrogatory answer, each document, and each premises or thing, which is designated by any party as containing or disclosing CONFIDENTIAL INFORMATION or RESTRICTED INFORMATION (collectively "CONFIDENTIAL and/or RESTRICTED INFORMATION") shall be identified by the designating party, on the first or cover page of each document and each page which contains CONFIDENTIAL or RESTRICTED INFORMATION with one of the following labels:

"**[NAME OF PRODUCING PARTY] CONFIDENTIAL INFORMATION**" or "**[NAME OF PRODUCING PARTY] RESTRICTED INFORMATION.**" If the Discovery Material cannot be labeled, it will be designated confidential in a manner to be agreed upon.

The parties will use good faith in limiting the use of the CONFIDENTIAL INFORMATION and RESTRICTED INFORMATION designations to such Discovery Material as they reasonably believe constitutes or discloses information reasonably calling for that designation. A party that produces or discloses its own CONFIDENTIAL or RESTRICTED INFORMATION is not precluded by this Order from disclosing or using such information in any manner or for any purpose.

Discovery Material shall not be considered CONFIDENTIAL or RESTRICTED INFORMATION to the extent the content or substance thereof: (i) is, at the time of disclosure, in the public domain by publication or otherwise; (ii) becomes at any time, through no act or failure to act on the part of the receiving party, part of the public domain by publication or otherwise; and (iii) is already in the lawful possession of a party at the time of disclosure and was not acquired directly or indirectly from the producing party; (iv) is made available to a party by a nonparty who obtained the same by legal means and without any obligation of confidence to the party claiming its confidential nature; or (v) contains any information that a receiving party can show was independently and lawfully developed by it.

For purposes of this Order, Discovery Material shall not be deemed to fall within one of the exclusions listed above merely because a portion of the Discovery Material or more general information is in the public domain or in the possession of the receiving party.

4. CONFIDENTIAL and RESTRICTED INFORMATION will be designated in the manner specified in Paragraph 3 when an answer to an interrogatory or an answer to a

request for admission is served, when a document is produced, filed or served or when an inspection of premises or things is allowed. Documents produced to any opposing party for inspection and copying need not be so marked at the time of such production, but any copies of documents thereafter delivered to the opposing party shall be so marked at the time of delivery. With respect to deposition transcripts, a designating party will advise the opposing parties that an entire transcript is to be maintained as CONFIDENTIAL or RESTRICTED INFORMATION or that specific pages of a transcript are to be maintained as CONFIDENTIAL or RESTRICTED INFORMATION within thirty (30) days after the receipt of the transcript. During this thirty (30) day period, the entire transcript will be deemed to contain CONFIDENTIAL or RESTRICTED INFORMATION. Unless designated substantially in accordance with Paragraph 3 and this Paragraph, any confidentiality is waived unless otherwise stipulated or ordered.

    5. With respect to Discovery Material inadvertently produced by a party as to which the party failed to assert a claim of confidentiality, including, but not limited to, attorney-client privilege or work product privilege, an assertion of such claim shall be made as soon as practicable after learning of the inadvertent disclosure, and in no event later than the date of the final pretrial conference. Inadvertent disclosure of such documents shall not be held to waive any such applicable privilege or protection. On notice to the receiving party, the producing party may seek return of Discovery Material that was inadvertently produced as to which a claim of confidentiality, privilege or immunity is asserted, and is entitled to the immediate return of such documents. Thereafter, if the receiving party contests such claims, the producing party shall have the burden of seeking an order of the Court with respect to the Discovery Material in question.

6. All access, possession, use, testing, inspection, study or copying of any Discovery Material designated as containing or disclosing CONFIDENTIAL or RESTRICTED INFORMATION is governed by the provisions of this Protective Order and is limited to the following persons ("qualified recipients") in the following ways:

(a) <u>CONFIDENTIAL and RESTRICTED INFORMATION</u>: Outside Counsel for the parties, their support personnel whose functions require it, and independent experts or consultants retained for the purposes of assistance in the above-captioned litigation are allowed access to both CONFIDENTIAL and RESTRICTED INFORMATION, provided that to the extent that such disclosure is to be made to an independent expert or consultant, such individual shall first be advised of and agree to the terms and conditions of this Order by signing an "Agreement Regarding Access to Confidential and Restricted Information" in the form attached hereto as Exhibit A, a copy of which shall be served on opposing counsel. The opposing party shall have fourteen (14) days after service of a copy of Exhibit A signed by any individual to object in writing to disclosure of Confidential and Restricted Information to that individual, and, in the interim, no Confidential or Restricted Information shall be disclosed or provided to that individual. In the event there is such an objection and the parties are unable to resolve it, the issue shall be submitted to the Court for resolution.

For Pergo, "outside counsel" shall mean the law firms of Skadden, Arps, Slate, Meagher & Flom, LLP, and Michael, Best & Friedrich LLP. For Alloc, Berry Finance, and Valinge, "outside counsel" shall mean Baker & McKenzie LLP. For Unilin and BHK, "outside counsel" shall mean the law firms Willkie, Farr & Gallagher LLP, and Foley & Lardner LLP. Should any party require the addition or substitution of "outside counsel" or should any

6

subsequent party or non-party be subject to this Protective Order, the parties will agree to the addition or substitution of "outside counsel" reasonably designated.

(b) <u>CONFIDENTIAL INFORMATION ONLY</u>: Individuals who are employees of the parties or their parents, subsidiaries, divisions, branches, or affiliates, and whose advice and consultation is reasonably needed by such party in connection with preparation for trial of this case are allowed access to CONFIDENTIAL INFORMATION only. RESTRICTED INFORMATION shall not be disclosed to such persons. Disclosures of CONFIDENTIAL INFORMATION to these persons shall be allowed only after the following conditions are satisfied:

(1) Prior to disclosure to any such person, counsel desiring to disclose CONFIDENTIAL INFORMATION of an opposing party ("Disclosing Counsel") will serve on the opposing party's counsel a copy of a signed "Agreement Regarding Access to Confidential Information," as set forth in Exhibit A, for each such person, including any information requested in Exhibit A.

(2) CONFIDENTIAL INFORMATION will not be disclosed to any such person for a period of at least fourteen (14) days after service of the undertaking referred to in subparagraph (1). Opposing counsel may, within the fourteen (14) day period, serve a written notice on Disclosing Counsel of objection to disclosure of CONFIDENTIAL INFORMATION to such person, setting forth the reasons for objection, in which event disclosing counsel will not disclose any CONFIDENTIAL INFORMATION to such person. Within fourteen (14) days after service of the objection, opposing counsel may then move the Court for a protective order denying disclosure of CONFIDENTIAL INFORMATION to such person. Failure of opposing counsel to file a motion for a

7

protective order on the other party within such fourteen (14) day period will result in waiver of any objection unless otherwise stipulated or ordered. In the event a motion for protective order is filed by the opposing counsel, there will be no disclosure of CONFIDENTIAL INFORMATION to such person until the Court rules on the motion or the parties agree that disclosure of CONFIDENTIAL INFORMATION may or may not be made. On any motion filed in accordance with this Paragraph, the party opposing the disclosure will have the burden of persuading the Court that disclosure of CONFIDENTIAL INFORMATION to the person in question may result in harm to it or may result in unauthorized disclosure of CONFIDENTIAL INFORMATION. It is the general intent of the parties to limit disclosure to the smallest number of persons under Paragraph 6(b), consistent with the needs of the litigation, and to disclose to persons permitted to receive CONFIDENTIAL INFORMATION only such CONFIDENTIAL INFORMATION as they need to know to perform their responsibilities in the litigation.

7. Any person may be examined as a witness at depositions and trial and may testify concerning all CONFIDENTIAL and RESTRICTED INFORMATION of which such person has prior knowledge. Without in any way restricting the foregoing,

(a) a present director, officer, agent and/or employee of a producing party may be examined and may testify concerning all CONFIDENTIAL and RESTRICTED INFORMATION which has been produced by that party;

(b) a former director, officer, agent and/or employee of a producing party may be examined and may testify concerning CONFIDENTIAL and RESTRICTED INFORMATION of a producing party which appears on its face or from other documents or testimony to have been

received from or communicated to the former director, officer, agent and/or employee as a result of any contact or relationship with the producing party;

      (c) a former consultant to a producing party may be examined and may testify concerning CONFIDENTIAL and RESTRICTED INFORMATION of a producing party which appears on it face or from other documents or testimony to have been received from or communicated to the former consultant as a result of any contact or relationship with the producing party;

      (d) non-party witnesses may be examined and may testify concerning any document containing CONFIDENTIAL or RESTRICTED INFORMATION of a producing party which appears on its face or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the producing party, or a representative of such producing party; and

      (e) if a qualified recipient of CONFIDENTIAL or RESTRICTED INFORMATION is examined as a witness at depositions or trial, the recipient may testify concerning all CONFIDENTIAL or RESTRICTED INFORMATION known to the recipient.

      8. Whenever counsel for a party believes that questions put to a witness being examined in deposition disclose, or that answers to any question may disclose, CONFIDENTIAL or RESTRICTED INFORMATION of his client, or that any document or thing to be used as an exhibit during the examination may contain or disclose CONFIDENTIAL or RESTRICTED INFORMATION of his client, such counsel may designate such Discovery Material as CONFIDENTIAL or RESTRICTED INFORMATION and require that the confidential portions of the deposition of such witness be taken only in the presence of the reporter, the translator, if present, and any persons referred to in Paragraph 6 who are allowed access to the information,

and who have signed an undertaking to be bound by this Protective Order as set forth in Exhibit A at least fifteen (15) days prior to such deposition.

9. No copy of any transcript of any deposition or any deposition exhibit which is designated in part or in whole as disclosing CONFIDENTIAL or RESTRICTED INFORMATION will be furnished by the reporter to any person other than outside counsel for the parties.

10. Any Discovery Material identified as containing or disclosing CONFIDENTIAL or RESTRICTED INFORMATION which is filed in this case will be submitted to the Court with a request that it be filed under seal unless otherwise agreed by the parties. It is understood and agreed that the parties shall make all reasonable efforts to minimize filing documents under seal.

11. A party desiring to use CONFIDENTIAL or RESTRICTED INFORMATION of another party during oral argument in open court prior to a trial shall notify the other party and the parties shall attempt to agree upon a suitable procedure for determining how such information can be used in open court, which procedure shall minimize inconvenience to the Court. If the parties cannot reach agreement, the party desiring to use information may request a conference with the Court to determine how such information can be used in open court. Use of CONFIDENTIAL and RESTRICTED INFORMATION during trial will be resolved by the Court during the course of or prior to trial.

12(a). Any access, possession, use, testing, inspection, study or copying by any party of any Discovery Material designated as containing or disclosing CONFIDENTIAL or RESTRICTED INFORMATION will not constitute a concession that the Discovery Material is in fact confidential subject to the terms set forth in Paragraph 12(b).

10

(b) If any party objects to the designation of any item or document as CONFIDENTIAL or RESTRICTED INFORMATION, such party shall state the objection by letter to counsel for the Producing Party, setting forth the reasons that the party believes the material should not be treated as CONFIDENTIAL or RESTRICTED INFORMATION. The producing party shall respond, in writing, within ten (10) days, setting forth the reason(s) that party believes the material should be treated as CONFIDENTIAL or RESTRICTED INFORMATION. If the objection cannot be resolved by agreement of counsel, the objecting party may move the Court for an appropriate order regarding such designation. The burden of proof regarding the CONFIDENTIAL or RESTRICTED nature of the documents shall remain with the producing party. Until an objection to the designation of a documents has been resolved by agreement of counsel or by order of Court, the document shall be treated as CONFIDENTIAL or RESTRICTED INFORMATION and subject to this Protective Order.

(c) This Protective Order will not prevent any party from applying to the Court for relief from or modification of any of its provisions at any time.

13. This Protective Order will not prevent any party from opposing production of any information in response to a discovery request for any reason other than confidentiality.

14. After final disposition of this case, including appeals, outside counsel for each of the parties shall either return or destroy all Discovery Materials produced to it designated as CONFIDENTIAL and RESTRICTED INFORMATION, and all copies thereof, within sixty (60) days of said final disposition of this case, and the producing party shall be notified promptly that all such Discovery Materials have been returned or destroyed.

15. In the event that any other parties are added or substituted into this case, this Protective Order will be binding on and inure to the benefit of such new parties, subject to the

11

right of such new parties to apply to the Court for relief from or modification of any of its provisions.

16. In the event any non-party is called upon to produce information which it reasonably believes constitutes or discloses trade secrets, commercial information, or other information which it is entitled to maintain in confidence, such non-party may elect to become a party to the terms of this Protective Order by serving a notice of its election on counsel for each party. After service of such a notice of election, this Protective Order will be binding on and inure to the benefit of such non-party.

17. The inadvertent production of any CONFIDENTIAL or RESTRICTED information shall be without prejudice to any claim that such CONFIDENTIAL or RESTRICTED information should be designated as such. The party making such inadvertent production is entitled to the return of such documents upon written notice to the other party.

18. Entering into, agreeing to, designating any document as CONFIDENTIAL OR RESTRICTED INFORMATION hereunder and/or complying with the terms of this Order shall not be construed as a concession by the producing party that such information is relevant or material to any issue in this litigation.

19. All service of notices and documents pursuant to this order shall be made by fax or overnight mail service, such as FedEx.

PERGO, INC.

Dated: __24 October 2006__    By: __/s/Resa K. Schlossberg__

        Edward V. Filardi
        Daniel A. DeVito
        Resa K. Schlossberg
        SKADDEN, ARPS, SLATE,
          MEAGHER & FLOM LLP
        4 Times Square
        New York, New York 10036
        Tel.: (212) 735-3000
        Fax: (212) 735-2000


Dated: __24 October 2006__    By: __/s/ S. Edward Sarskas__

        S. Edward Sarskas
        MICHAEL, BEST &
          FRIEDRICH LLP
        100 East Wisconsin Avenue
        Suite 3300
        Milwaukee, Wisconsin 53202
        Tel: (414) 271-6560
        Fax: (414) 277-0656


ALLOC, INC., BERRY FINANCE NV, and VALINGE INNOVATION AB

Dated: __24 October 2006__    By: __/s/ David I. Roche__

        Daniel J. O'Connor
        David I. Roche
        BAKER & McKENZIE
        One Prudential Plaza
        130 East Randolph Street
        Chicago, Illinois 60601
        Tel.: (312) 861-8000
        Fax: (312) 861-2899

UNILIN DÉCOR, NV and BHK of AMERICA

Dated: __24 October 2006__     By: __/s/Leslie M. Spencer__

                                                John M. DiMatteo
                                                Lawrence O. Kamin
                                                Leslie M. Spencer
                                                WILLKIE, FARR & GALLAGHER LLP
                                                787 Seventh Avenue
                                                New York, New York 10019
                                                Tel: (212) 728-8000
                                                Fax: (212) 728-8111

Dated: __24 October 2006__     By: __G. Michael Halfenger__

                                                G. Michael Halfenger
                                                FOLEY & LARDNER
                                                777 East Wisconsin Avenue
                                                Milwaukee, Wisconsin 53202
                                                Tel: (414) 271-2400
                                                Fax: (414) 297-4900

Dated: __10/26/06__

                                            SO ORDERED:
                                            By: _____
                                            United States District Judge

14

EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
(MILWAUKEE)

| | |
|---|---|
| ALLOC, INC., a Wisconsin corporation, BERRY FINANCE N.V., a Belgian Corporation, and VALINGE INNOVATION AB (f.k.a. Valinge Aluminium AB) AB, a Swedish corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>UNILIN DÉCOR, N.V., a Belgian Corporation, and BHK of AMERICA, INC., a New York corporation, and PERGO, INC., a Delaware corporation,<br><br>    Defendants. | Case No.: 00-C-0999<br>Hon. Rudolph Randa |

AGREEMENT REGARDING ACCESS
TO CONFIDENTIAL AND RESTRICTED INFORMATION

1.    My name is _____, and I am employed by _____. In connection with the above-captioned proceeding, I have been retained to furnish technical or other expert or consultancy services or to give trial testimony or to offer advice reasonably necessary for the conduct of the litigation.

2.    I have read, understand and agree to comply with and be bound by the terms of the Stipulated Protective Order agreed to, and submitted to the Court, by the parties to the above-captioned proceeding (hereinafter "Protective Order").

3.    I will not use any information designated, pursuant to the terms of the Protective Order, as CONFIDENTIAL INFORMATION or RESTRICTED INFORMATION, for any

-1-

purpose other than those permitted by the Protective Order.

4. I will not in any way disclose, discuss, or exhibit any CONFIDENTIAL INFORMATION or RESTRICTED INFORMATION except to those persons whom I know (a) are authorized, under the Protective Order, to have access to such information, and (b) have executed an Agreement Regarding Access to Confidential Information.

5. I will return, on request, all materials containing CONFIDENTIAL INFORMATION or RESTRICTED INFORMATION, copies thereof, and notes that I have prepared relating thereto, to trial counsel for the party with whom I am associated.

6. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

Signed: _____

Dated: _____