# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALLOC, INC., a Delaware corporation,
BERRY FINANCE N.V., a Belgian corporation, and
VÄLINGE INNOVATION AB
(formerly known as VÄLINGE ALUMINIUM AB),
 a Swedish corporation,

                  Plaintiffs/
                  Counterclaim Defendants,

v.　　　　　　　　　　　　　　　　　　　　　　　　　Case No. 00-C-999

UNILIN DÉCOR, N.V., a Belgian company,
BHK of AMERICA, INC., a New York corporation, and
PERGO, INC., a Delaware corporation,

                  Defendants/Counterclaimants.

ALLOC, INC., a Delaware corporation,
BERRY FINANCE N.V., a Belgian corporation, and
VÄLINGE INNOVATION AB
(formerly known as VÄLINGE ALUMINIUM AB),
a Swedish corporation,

                  Plaintiffs/
                  Counterclaim Defendants,

 v.　　　　　　　　　　　　　　　　　　　　　　　　Case No. 06-C-1158

UNILIN N.C. LLC.,

                  Defendant/Counterclaimant.

**ALLOC, INC., a Delaware corporation,**
**BERRY FINANCE N.V., a Belgian corporation, and**
**VÄLINGE INNOVATION AB**
**(formerly known as VÄLINGE ALUMINIUM AB),**
**a Swedish corporation,**

                            **Plaintiffs/**
                            **Counterclaim Defendants,**

**v.**                                                   **Case No. 06-C-1163**

**UNILIN DECOR N.V., a Belgian corporation, and**
**QUICK-STEP FLOORING, INC., a Delaware corporation,**

                            **Defendants/Counterclaimants.**

---

## DECISION AND ORDER

---

Six patents underlie the claims in this consolidated patent infringement action between competitors in the flooring industry. The Plaintiffs, Alloc, Inc. ("Alloc"), Välinge Innovation AB, formerly Välinge Aluminium ("Välinge"), and Berry Finance N.V. ("Berry")(collectively "Plaintiffs"), filed a motion for partial summary judgment of infringement by Defendant BHK of America, Inc. ("BHK") upon claims 10 and 22 of United States Patent No. 6,516,579 ("'579 patent"). BHK opposes the motion on various grounds.

Rule 56(a) of the Federal Rules of Civil Procedure allows a party seeking to recover upon a claim to move for summary judgment "at any time" after the expiration of 20

days from the commencement of the action. "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Generally speaking, "summary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Id.* at 250 n. 5.[1]

Patent infringement analysis involves two steps: 1) claim construction; and 2) application of the properly construed claims to the accused device or method. *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995), *aff'd*, 517 U.S. 370 (1996). The first step is a matter of law. *Id.* at 979.

BHK's threshold argument is that the Plaintiffs' motion is premature and procedurally improper because it was filed prior to discovery deadline and months before any claim construction hearing. The premise for the Plaintiffs' partial summary judgment motion was an initial interrogatory answer submitted by BHK stating that it does not infringe on the '579 patent because the Uniclic joint does not have play. (Pls.' Mem. Partial S.J., Ex. B (BHK's Resp. to Pls.' First Set of Interrogs., Resp. Interrog. No. 1 dated Oct. 6, 2005.)

---

[1] BHK advises the Court that it needs discovery, but it has not filed a Rule 56(f) affidavit. In some cases, courts have held that summary judgment was premature even when the opposing party failed to file a Rule 56(f) affidavit. *See Farmer v. Brennan*, 81 F.3d 1444, 1449-50 (7th Cir. 1996); *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 243-47 (4th Cir. 2002); *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94 (2d Cir. 2000); *Dean v. Barber*, 951 F.2d 1210, 1214 n. 3 (11th Cir. 1992); *First Chi. Int'l v. United Exch. Co.*, 836 F.2d 1375, 1380-81 (D.C. Cir. 1988)). In any event, BHK does not premise its opposition exclusively or primarily on the need for discovery.

However, BHK reserved the right to supplement its interrogatory response, and appropriately supplemented that response. BHK's amended interrogatory response (provided after the Plaintiffs filed their motion) also states that BHK does not infringe the '579 patent because the laminate flooring products that BHK has sold in the United States from 1994 to the present do not have a "locking element" which requires a vertical "locking surface," and those products do not have a "locking groove" that requires a vertical "internal surface." (Halfenger Decl. ¶ 22, Ex. 22 (BHK's Supplemental Resp. to Pls.' Interrog. No. 1 dated Jan. 13, 2006.) BHK also states that its products may not possess other elements, either literally or equivalently, depending on how the Court construes said claim terms. (*Id*.) Again, BHK has reserved the right to supplement its interrogatory response. (*Id*.)

The parties proposed a case scheduling order which provided that claim construction briefs would be submitted and that a *Markman* ruling would be issued by the Court prior to the filing of dispositive motions. (*See* Motion for Order for Entry of Case Scheduling Order by All Defendants filed August 25, 2005 (Docket No. 116).) The Court entered an order consistent with that proposed schedule. (Docket No. 117.) (Though since amended, the same basic structure of that scheduling order remains.)

Less than four months after the issuance of the Court's scheduling order, the Plaintiffs filed their partial summary judgment motion. While the Plaintiffs may have felt that the filing of the partial summary judgment motion was appropriate at the time that they filed the motion, the briefing has disclosed that the filing was premature.

Fact discovery ended February 28, 2007. The opening *Markman* briefs were filed on March 29, 2007 and claim construction issues are presented with respect to five of the six patents at issue. The claim construction briefing and any hearing, if necessary, will cover all disputed constructions for the Plaintiffs' patents — including the "play" question presented in the Plaintiffs' partial summary judgment motion against BHK. The Court's disposition of those matters will have the benefit of complete discovery and the context of all relevant patents. Performing claim construction piecemeal is not the most efficient use of the Court's resources. Therefore, the Plaintiffs' motion for partial summary judgment is denied with leave to refile after the issuance of the *Markman* decision.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Defendants' motion for partial summary judgment of infringement of claims 10 and 22 of the '579 patent against BHK (Docket No. 124) is **DENIED**, with leave to refile after the issuance of the *Markman* decision.

Dated at Milwaukee, Wisconsin this 16th day of April, 2007.

                              **BY THE COURT**

                              s/ Rudolph T. Randa
                              **Hon. Rudolph T. Randa**
                              **Chief Judge**