## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**ALLOC, INC., a Delaware corporation,**
**BERRY FINANCE N.V., a Belgian corporation,**
**and VÄLINGE INNOVATION AB**
**(formerly known as VÄLINGE ALUMINIUM AB),**
**a Swedish corporation,**

            **Plaintiffs/Counterclaim Defendants,**

**v.**                                                           **Case No. 00-C-999**

**PERGO, INC., a Delaware corporation,**

            **Defendant/Counterclaimant.**

## DECISION AND ORDER

Several uncontested motions to seal documents are pending in this action. As will be explained, though uncontested, the motions are problematic.

General Local Rule 79.4(d) (E.D. Wis) states:

> All documents which a party seeks to have treated as confidential, but as to which no sealing order has been entered, must be filed in a sealed envelope conspicuously marked "Request for Confidentiality Pending," together with a motion requesting an appropriate order. The separate motion for sealing must be publicly filed and must generally identify the documents contained in the sealed envelope. The documents must be transmitted by the Clerk of Court in a sealed envelope to the judge or magistrate judge, together with the moving papers. If the motion is denied, the documents must be filed by the Clerk of Court in an open file, unless otherwise ordered by the judge or magistrate judge assigned to the case.

This Court has a duty to make a determination of good cause to seal any part of the record of a case. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999) (citing Fed.R.Civ.P. 26(c); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 37 (1984); *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 785-87 (3d Cir. 1994)). The Court may not grant to either party a carte blanche to seal whatever portions of the record the party wants to seal. *Citizens First Nat'l Bank*, 178 F.3d at 944. The parties to a lawsuit are not the only entities who have a legitimate interest in the record compiled in a legal proceeding. *Id*. "[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Id*. at 945. "That interest does not always trump the property and privacy interests of the litigants, but it can be overridden in a particular case, that is, only if there is good cause for sealing a part or the whole of the record in that case." *Id*.

The motion of Alloc, Inc.("Alloc"), Berry Finance N.V. ("Berry Finance"), and Välinge Innovation AB ("Valinge") (collectively the "Plaintiffs") for permission to file under seal the Plaintiffs' brief in opposition to Pergo Inc.'s ("Pergo") motion to dismiss Berry Finance and Alloc's claims for lack of standing (Docket No. 210) invokes the Court's October 26, 2006, protective order in this case ("Protective Order") and states that the brief contains details about the financial relationship among the Plaintiffs and certain disputes that have since been resolved that are confidential and which the Plaintiffs do not wish to become part of the public record. The Plaintiffs did not file their brief in a sealed envelope conspicuously marked "Request for Confidentiality Pending," as required by General Local Rule 79.4(d). Thus, the

Court cannot determine whether good cause exists to seal any or all of the brief. The motion is denied without prejudice.

Pergo seeks leave to seal its reply brief in support of its motion to dismiss Berry Finance and Alloc's claims for lack of standing. (Docket No. 213.) Pergo relies upon the Protective Order. The subject brief was filed in a sealed envelope marked "request for confidentiality pending." (Docket No. 214). Each page of the brief bears the designation: "Contains information Designated as RESTRICTED/CONFIDENTIAL." However, review of the brief establishes the designation is overbroad - - - the title page, at least some portions of the table of contents, and the entire table of authorities and the signature page, are not confidential. Within five business days of the filing of this order, Pergo shall e-file a redacted copy of its reply brief in support of its motion to dismiss Berry Finance and Alloc's claims for lack of standing. Only information which is the subject of the Protective Order may be redacted. *See Methodist Hosps., Inc. v. Sullivan*, 91 F.3d 1026, 1032 (7th Cir. 1996). The Court will hold in abeyance Pergo's motion to seal its reply brief in support of its motion to dismiss Berry Finance and Alloc's claims for lack of standing until Pergo has filed the public redacted version of the brief and the Court has reviewed the brief to determine if there is good cause to maintain the original and complete version under seal.

Pergo also filed a motion to seal its brief in opposition to the Plaintiffs' motion for leave to file a fifth amended complaint and Exhibits A, B, D, F, G to the declaration of Douglas R. Nemec in support of Pergo's brief in opposition to the Plaintiffs' motion for leave

to file a fifth amended complaint. (Docket No. 219.) Pergo has submitted for review the documents it seeks to seal as required by General Local Rule 79.4(d).

Based on review of Exhibits A, B, D, F, G to the declaration of Douglas R. Nemec in support of Pergo's brief in opposition to the Plaintiffs' motion for leave to file a fifth amended complaint the Court finds good cause for the sealing of such exhibits and will grant that portion of the motion. Those documents contain the terms of the confidential settlement agreement which resulted in the dismissal of part of this action.

However, based on its review of the Pergo's brief in opposition to the Plaintiffs' motion for leave to file a fifth amended complaint, the Court concludes that though each page of the brief is marked with the statement "Contains information Designated as RESTRICTED/CONFIDENTIAL," certain pages do not contain any such material. The cover page, most if not all of the table of contents, the table of authorities, and the signature page do not contain confidential information. Likewise, pages one through four do not contain confidential material. The legal standard governing amendment of pleadings found on pages eight and nine is also not confidential. Pergo's motion to seal is overbroad with respect to its brief. Within five business days the filing date of this order, Pergo shall redact the confidential information and e-file its brief in the public record. *See Methodist Hosps., Inc.*, 91 F.3d at 1032. The Court will hold in abeyance Pergo's request to seal its brief in opposition to the Plaintiffs' motion for leave to file a fifth amended complaint until Pergo has filed the public redacted version of the brief and the Court has reviewed it to determine if there is good cause to maintain the original and complete version under seal.

The current motions to seal also prompted the Court to re-examine its prior order granting Pergo's motion to seal its brief in support of the motion to dismiss and exhibits A, B, C, D, E, G & I to Pergo's motion to dismiss. (Docket No. 206). Upon re-examination, the Court finds good cause exists for the sealing of the exhibits because they set forth the terms of the confidential settlement agreement which resulted in the dismissal of part of this action. However, good cause does not exist to seal Pergo's entire brief in support of its motion to dismiss. The title page, most, if not all, of the table of contents, the table of authorities, and the signature page, as well as the statement of procedural history (with the exception of the final sentence on page three), do not contain confidential material. Within five business days of the filing date of this order, Pergo shall redact the confidential information from Pergo's brief in support of its motion to dismiss and e-file it in the public record. Upon Pergo's filing of that brief, the Court will review it to ensure that there is good cause to maintain the original and complete version under seal.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Plaintiffs' motion for permission to file under seal the Plaintiffs' brief in opposition to Pergo's motion to dismiss claims of Berry Finance and Alloc for lack of standing (Docket No. 210) is **DENIED**.

Pergo's motion to seal its reply brief in support of its motion to dismiss Berry Finance and Alloc's claims for lack of standing (Docket No. 213) is **HELD IN ABEYANCE**. **Within five business days of the filing of this order**, Pergo shall redact the confidential

5
Case 2:00-cv-00999-RTR    Filed 10/12/07    Page 5 of 6    Document 223

information from Pergo's reply brief in support of its motion to dismiss Berry Finance and Alloc's claims for lack of standing and e-file that brief in the public record.

Pergo's motion to file documents under seal (Docket No. 219) is **GRANTED** as to Exhibits A, B, D, F, G to the Declaration of Douglas R. Nemec in support of Pergo's brief in opposition to the Plaintiffs' motion for leave to file a fifth amended complaint and **HELD IN ABEYANCE** as to Pergo's brief in opposition to the plaintiff's motion for leave to file a fifth amended complaint. **Within five business days of the filing of this order**, Pergo shall redact the confidential information from Pergo's brief in opposition to the Plaintiffs' motion for leave to file a fifth amended complaint and e-file its brief in the public record.

The Court's order (Docket No. 206) granting Pergo's motion to seal is **MODIFIED** as to Pergo's brief in support of its motion to dismiss. **Within five business days of the filing of this order**, Pergo shall redact the confidential information from its brief in support of its motion to dismiss and e-file its brief.

Dated at Milwaukee, Wisconsin, this 12th day of October, 2007.

                                        **BY THE COURT:**

                                        s/Rudolph T. Randa
                                        **HON. RUDOLPH T. RANDA**
                                        **Chief Judge**