**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**ALLOC, INC., a Delaware corporation,**
**BERRY FINANCE N.V., a Belgian corporation,**
**and VÄLINGE INNOVATION AB**
**(formerly known as VÄLINGE ALUMINIUM AB),**
**a Swedish corporation,**

                 **Plaintiffs/Counterclaim Defendants,**

  v.                                                                 **Case No. 00-C-999**

**PERGO, INC., a Delaware corporation,**

                 **Defendant/Counterclaimant.**

---

## DECISION AND ORDER

---

On October 12, 2007, the Court issued an order addressing several motions to seal in this action. The parties took actions as indicated by that order. This Decision and Order issues as a follow-up to resolve several motions to seal, the first of which is newly filed.

In the wake of the Court's order, Alloc, Inc.("Alloc"), Berry Finance N.V. ("Berry Finance"), and Välinge Innovation AB ("Valinge") (collectively the "Plaintiffs") filed an expedited motion under Civil Local Rule 7.4 for permission to file under seal the Plaintiffs' brief in opposition to Pergo Inc.'s ("Pergo") motion to dismiss Berry Finance and Alloc's claims for lack of standing. (Docket No. 228). The Plaintiffs state that Pergo does not oppose the motion.

The Court has reviewed the opposition brief which the Plaintiffs submitted in a sealed envelope conspicuously marked "Request for Confidentiality Pending," as required

by General Local Rule 79.4(d) (Docket No. 229), and the redacted copy of that brief in the public record, (Docket No. 227.) The brief has been appropriately redacted – limiting the redacted material to confidential material subject to the Protective Order issued on October 26, 2006 ("Protective Order"). *See Methodist Hosps., Inc. v. Sullivan*, 91 F.3d 1026, 1032 (7th Cir. 1996). The Court concludes that the Plaintiffs have shown good cause for the sealing of the complete brief because it contains details about the financial relationship among the Plaintiffs and certain disputes that have since been resolved that are confidential and, therefore, grants the motion to seal. (Docket No. 228). Until further order of the Court, the Clerk of Court shall maintain under seal the complete opposition brief. (Docket No. 229).

The October 12, 2007, Decision and Order, held in abeyance Pergo's motion to seal its reply brief in support of its motion to dismiss Berry Finance and Alloc's claims for lack of standing (Docket No. 213), until Pergo filed the public redacted version of the brief. Pergo filed that version of the brief on October 12, 2007. (Docket No. 225).

Redaction of the brief is appropriate – limiting the redaction to confidential material subject to the Protective Order. *See Methodist Hosps.*, 91 F.3d at 1032. The Court has reviewed the complete (un-redacted) brief (Docket No. 214) and concludes there is "good cause" to maintain the complete version under seal. Pergo's motion to seal is granted. (Docket No. 213). Until further order of the Court, the Clerk of Court shall maintain under seal Pergo's reply brief in support of its motion to dismiss Berry Finance and Alloc's claims for lack of standing. (Docket No. 214).

The October 12, 2007, Decision and Order also held in abeyance a portion of Pergo's motion to seal (Docket No. 219) by which Pergo sought to seal its brief in opposition to the Plaintiffs' motion for leave to file a fifth amended complaint (Docket No. 220), until Pergo filed the public redacted version of the brief.[1]  Pergo filed that brief on October 12, 2007. (Docket No. 226.) Redaction of the brief is appropriately limited to confidential material subject to the Protective Order. *See Methodist Hosps.*, 91 F.3d at 1032. The Court concludes that good cause has been shown to maintain the original and complete version (Docket No. 220) under seal. The remaining portion of Pergo's motion to seal (Docket No. 219) is granted as to Pergo's brief in opposition to the Plaintiffs' motion for leave to file a fifth amended complaint. Until further order of the Court, the Clerk of Court shall maintain under seal Pergo's brief in opposition to the Plaintiffs' motion for leave to file a fifth amended complaint. (Docket No. 220).

In the Decision and Order, the Court also re-evaluated its prior order (Docket No. 206) granting Pergo's motion to seal its brief in support of the motion to dismiss Berry Finance and Alloc's claims for lack of standing, (Docket No. 207), and exhibits A, B, C, D, E, G & I to Pergo's motion to dismiss. Upon re-examination, the Court found that there was not good cause to seal Pergo's entire brief in support of its motion to dismiss. (Docket No. 207.) The Court directed Pergo to redact the confidential information from its brief in support of its motion to dismiss and e-file it in the public record. Pergo has filed the redacted version

---

[1] That motion to seal also sought sealing of Exhibits A, B, D, F, G to the Declaration of Douglas R. Nemec in support of Pergo's brief in opposition to the Plaintiffs' motion for leave to file a fifth amended complaint. That portion of the motion was granted by the October 12, 2007, Decision and Order.

of the brief. (Docket No. 224.) Redaction of the brief is appropriately limited to confidential material subject to the Protective Order. *See Methodist Hosps.*, 91 F.3d at 1032. Under the circumstances, the Court is now satisfied that its prior overbroad sealing order has been remedied and no further action is required. There is good cause to maintain the original and complete version of Pergo's brief in support of its motion to dismiss Berry Finance and Alloc's claims for lack of standing under seal (Docket No. 207) and the Clerk of Court shall maintain that brief under seal until further order of the Court.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Plaintiffs' expedited motion under Civil Local Rule 7.4 for permission to file under seal their brief in opposition to Pergo's motion to dismiss Berry Finance and Alloc's claims for lack of standing (Docket No. 228) is **GRANTED**.

Until further order of the Court, the Clerk of Court **SHALL** maintain under **SEAL** the Plaintiffs' brief in opposition to Pergo's motion to dismiss Berry Finance and Alloc's claims for lack of standing. (Docket No. 229).

Pergo's motion to seal its reply brief in support of its motion to dismiss Berry Finance and Alloc's claims for lack of standing (Docket No. 213) is **GRANTED**.

Until further order of the Court, the Clerk of Court **SHALL** maintain under **SEAL** Pergo's reply brief in support of its motion to dismiss Berry Finance and Alloc's claims for lack of standing. (Docket No. 214).

Pergo's motion to file documents under seal (Docket No. 219) is **GRANTED** as to Pergo's brief in opposition to the Plaintiffs' motion for leave to file a fifth amended complaint.

Until further order of the Court, the Clerk of Court **SHALL** maintain under **SEAL** Pergo's brief in opposition to the Plaintiffs' motion for leave to file a fifth amended complaint. (Docket No. 220.)

Pergo has complied with this Court's directive with respect to its brief in support of its motion to dismiss Berry Finance and Alloc's claims for lack of standing. (Docket No. 207). The Clerk of Court **SHALL** maintain Pergo's brief in support of its motion to dismiss Berry Finance and Alloc's claims for lack of standing (Docket No. 207) under **SEAL** until further order of the Court.

Dated at Milwaukee, Wisconsin, this 17th day of October, 2007.

**BY THE COURT:**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**