# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALLOC, INC., a Delaware corporation,
BERRY FINANCE N.V., a Belgian corporation, and
VÄLINGE INNOVATION AB (f/k/a VÄLINGE
ALUMINUM AB), a Swedish corporation,

                    Plaintiffs,

                    Case No. 00-C-999

      -vs-

PERGO, INC., a Delaware corporation,

                    Defendant.

## DECISION AND ORDER

This patent infringement lawsuit was initially filed in July of 2000. The patents-in-suit are related to laminate wood flooring products designed and manufactured to be installed without the use of glue.[1] The defendant, Pergo, Inc. ("Pergo"), moves to dismiss the plaintiffs' claims for lack of standing. Also pending is the plaintiffs' motion for leave to file its Fifth Amended Complaint. For the reasons that follow, Pergo's motion to dismiss is denied, and the plaintiffs' motion for leave to file an amended complaint is granted.

### Background

Välinge Innovation AB ("Välinge") is the sole owner of the patents-in-suit. In 2000, Välinge entered a license agreement with Berry Finance, N.V. ("Berry"), wherein Berry

---

[1] The patents-in-suit are U.S. Patent Nos. 5,860,267 (the '267 patent), 6,023,907 (the '907 patent), 6,182,410 (the '410 patent), 6,516,579 (the '579 patent), and U.S. Reissued Patent No. 39,439 (the RE '439 patent).

acquired limited rights to the patents-in-suit in exchange for minimum, periodic royalty payments. The Välinge-Berry License granted Berry "an exclusive license to make, use, and sell the Property solely in association with the manufacture, sale, use, promotion or distribution of the Licensed Products." With respect to third-party infringement, the Välinge-Berry License gave Berry the right to "commence lawsuits against third persons arising from infringement of the Property or License Products." The License also granted Berry the right to grant sub-licenses.

In 2000, when the Välinge-Berry License was still in effect, Berry entered a sub-license agreement with Alloc, Inc. ("Alloc") in which Berry granted Alloc "an exclusive sublicense [in the United States] to develop, manufacture, have manufactured, market, sell, and offer to sell" those products covered by the Välinge-Berry License. The Berry-Alloc Sub-License also stated that Alloc had the "exclusive right [to] file suits in which the Patents are asserted seeking injunctive relief, and to claim and collect all damages for infringing sales prior or after the License date in the US, and [Alloc] shall have sole discretion in the conduct and settlement of any litigation in which any of the Patents is asserted." The Berry-Alloc Sub-License provided that it would be in effect for the "full term of the Patents, so long as [Berry] is the exclusive licensee under the Original Agreement, unless otherwise terminated as expressly authorised [sic] herein."

On June 25, 2006, Välinge terminated Berry's exclusive license "with immediate effect." Berry disputed the termination and the parties went to arbitration. On April 10, 2007, Berry and Välinge settled their dispute, apparently entering into a new non-exclusive

license agreement which was effective as of July 1, 2006. While Berry initially disputed the termination, the April 10 settlement between Berry and Välinge states that Berry agreed to the termination "as of July 1, 2006."

In the April 10 settlement, Berry and Välinge agreed that Berry is "allowed to continue litigation which was pending as of July 1, 2006." Välinge gave Berry power of attorney and acknowledged Berry's right to collect past damages for Pergo's infringement of the patents-in-suit. Alloc's rights as an exclusive sub-licensee terminated upon the termination of Berry's rights as exclusive licensee.

Meanwhile, on January 31, 2007, Pergo and Välinge entered into an agreement in which Välinge agreed to "release, acquit and forever discharge Pergo and its Connected Undertakings, and its sub-manufacturers, distributors and customers, direct and indirect, from any and all claims or liability for infringement by any Pergo product of any Välinge VA1 patent or other Välinge Patent that may have arisen prior to the Effective Date within the Territory." The Pergo-Välinge settlement did not release Pergo for Alloc's past damages that were accrued during the period of Alloc's exclusivity as a sub-licensee.

Eventually, Pergo deduced that Berry and Alloc no longer had exclusive rights to the patents-in-suit. Pergo raised the issue directly with Berry and Alloc's counsel, who acknowledged the agreement to terminate exclusivity. Accordingly, Pergo filed the instant motion to dismiss. The plaintiffs then moved for leave to file another amended complaint.

-3-

Case 2:00-cv-00999-RTR   Filed 02/27/08   Page 3 of 9   Document 231

**Analysis**

**I.    Motion to dismiss for lack of standing**

To demonstrate standing under Article III, the plaintiff must satisfy three elements. First, the plaintiff must allege an "'injury in fact' – an invasion of a legally protected interest." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Second, "there must be a causal connection between the injury and the conduct complained of." *Id.* Third, "it must be 'likely,' as opposed to merely speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* at 561.

The Patent Act provides that only "[a] patentee shall have a remedy by civil action for infringement of his patent." 35 U.S.C. § 281; *Mentor H/S, Inc. v. Med. Device Alliance, Inc.*, 240 F.3d 1016, 1018, 57 U.S.P.Q. 2d 1819, 1821 (Fed. Cir. 2001). Under 35 U.S.C. § 100(d), "[t]he word 'patentee' includes not only the patentee to whom the patent was issued but also the successors in title to the patentee." Exclusive licensees holding all substantial rights to the patent meet this standard. *Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1377, 55 U.S.P.Q. 2d 1742, 1745 (Fed. Cir. 2000).

Unless a licensee holds "all substantial rights" under the patent, the licensee may not enforce a patent without the patentee. *Textile Prods., Inc. v. Mead Corp.*, 134 F.3d 1481, 1484, 45 U.S.P.Q. 2d 1633, 1635 (Fed. Cir. 1998). "Unlike the patentee or the transferee of all substantial rights in the patent . . . an exclusive licensee ordinarily may not sue in its own name alone, but must join the patent owner in an action brought against an accused infringer." *Propat Int'l Corp. v. RPost, Inc.*, 473 F.3d 1187, 1193, 81 U.S.P.Q. 2d 1350

(Fed. Cir. 2007) (citing *Indep. Wireless Tele. Co. v. Radio Corp. of Am.*, 269 U.S. 459, 464, 468-69 (1926)). In contrast, a "bare licensee, *i.e.*, a party with only a covenant from the patentee that it will not be sued for infringing the patent rights, lacks standing to sue third parties for infringement of the patent. . . . A bare licensee cannot cure its lack of standing by joining the patentee as a party." *Propat*, 473 F.3d at 1193-94 (citing *Intellectual Property Development, Inc. v. TCI Cablevision of California, Inc.*, 248 F.3d 1333, 1348 (Fed. Cir. 2001)).

Pergo argues that the plaintiffs are without standing to maintain this action by virtue of the termination of Berry's exclusive license and Alloc's exclusive sub-license. Even if Berry and Alloc are currently relegated to the status of non-exclusive licensees, which is apparently the case, neither Berry nor Alloc are attempting to recover damages or obtain relief for the period of time after their exclusive licenses were terminated. Pergo cites *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1202-03, 74 U.S.P.Q. 2d 1204 (Fed. Cir. 2005), which held that the assignment of a patent during the course of litigation rendered the plaintiff's claims moot. *Schreiber* is distinguishable because the assignment "explicitly included an assignment of all causes of actions," including the right to sue for past infringement. *Schreiber*, 402 F.3d at 1202. In the instant case, the termination of Berry and Alloc's exclusive licenses did not include the loss of the right to sue for past damages. As noted above, those rights were specifically reserved.

If Berry and Alloc continued to press claims for injunctive relief, they would lack standing to do so. But as reflected in Berry and Alloc's proposed Fifth Amended Complaint,

-5-

Berry and Alloc are abandoning their claims for injunctive relief. Instead, Berry and Alloc's claims are solely related to the damages accrued during the period of time they held exclusive licenses to the patents-in-suit. Berry and Alloc have standing to pursue those claims, and the subsequent loss of their exclusive licenses cannot change that fact.

In the alternative, Pergo argues that Berry and Alloc's claims should be dismissed because neither party ever had "all substantial rights" to the patents-in-suit. As noted above, the lack of "all substantial rights" to the patents-in-suit requires the joinder of Välinge, the patent owner in this case. Välinge has always been a party to this case and by all accounts will continue to be a party as required by the settlement between Berry and Välinge. Further, even if Berry and Alloc never had "all substantial rights" to the patents-in-suit, they were exclusive licensees and possessed more rights than a "bare licensee" during their period of exclusivity.

Pergo complains that Välinge "fully resolved its dispute with Pergo, and the so-called 'Alloc Parties' are independently driving this action . . ." The fact that Välinge reached a settlement with respect to its claims against Pergo is beside the point. Välinge's presence in this action is related to Välinge's continuing ownership interests in the patents-in-suit. The owner of the patent "holds the title to the patent in trust" and "must allow the use of his name as plaintiff in any action brought at the instance of the licensee in law or in equity to obtain damages for the injury to his exclusive right by an infringer." *Indep. Wireless Tele. Co.*, 269 U.S. at 469. Accordingly, the "requirement that the exclusive licensee must normally join

-6-

the patent owner in any suit on the patent is a 'prudential' requirement, not a constitutional requirement based on Article III limitations . . ." *Propat*, 473 F.3d at 1193.

For all of the foregoing reasons, Berry and Alloc have standing to pursue their claims, and Pergo's motion to dismiss must be denied.

## II. Motion for leave to file a Fifth Amended Complaint

As discussed above, Alloc, Berry and Välinge move for leave to file a Fifth Amended Complaint. Rule 15(a)(2) provides that leave to amend should given "freely . . . when justice so requires." Leave should be denied only when there is "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." *Feldman v. Am. Memorial Life Ins. Co.*, 196 F.3d 783, 793 (7th Cir. 1999).

Pergo argues that the amendment is futile because the plaintiffs lack standing to prosecute this action. As discussed above, the Court finds Pergo's standing arguments to be without merit. The plaintiffs have standing to proceed on the basis of their Fifth Amended Complaint.

With respect to the other factors, Pergo argues that the plaintiffs' amendment expands the scope of "Accused Products" and might necessitate the re-opening of discovery. Pergo does not identify what sort of discovery is needed, and it is apparent that the parties were previously aware of all of the allegedly infringing products. Further, matters of claim construction and expert discovery are still pending, so there is no prejudice in that regard.

-7-

Pergo also highlights the amount of time that passed between Berry and Alloc's loss of exclusivity (July 1, 2006) and their motion for leave to amend (August 31, 2007). However, Berry was arbitrating the loss of exclusivity with Välinge up until April 2007, and the remaining delay (4-5 months) is not excessive in the context of this case. Even though the plaintiffs did not move to amend until after Pergo filed its motion to dismiss, Pergo was not prejudiced by the delay.

Finally, even though there have been numerous amendments in this case, the current amendment was necessitated, at least in part, by the loss of exclusivity in April 2007. Pergo argues that the third and fourth amended complaints should have made this change, but at the time those amendments were made (August 2006, February 2007), the loss of exclusivity was still being arbitrated by Berry and Välinge. Therefore, the plaintiffs' previous failures to cure this pleading deficiency are understandable and cannot justify the denial of the instant motion.

-8-

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Pergo's motion to dismiss [D. 202] is **DENIED**; and

2. Plaintiffs' motion for leave to file a Fifth Amended Complaint [D. 209] is **GRANTED**.

Dated at Milwaukee, Wisconsin this 27th day of February, 2008.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
**Chief Judge**