**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**ALLOC, INC., a Delaware corporation,**
**BERRY FINANCE N.V., a Belgian corporation, and**
**VÄLINGE INNOVATION AB (f/k/a VÄLINGE**
**ALUMINUM AB), a Swedish corporation,**

                           Plaintiffs,

                           Case No. 00-C-999

        -vs-

**PERGO, INC., a Delaware corporation,**

                           Defendant.

---

## DECISION AND ORDER

---

In this patent action,[1] Defendant Pergo, Inc. ("Pergo") seeks reconsideration of this Court's February 27, 2008, Decision and Order denying its motion to dismiss the action for lack of standing. In the alternative, Pergo requests the certification of two issues addressed by that Decision for an interlocutory appeal. For the reasons that follow, the motion is denied.

## BACKGROUND

The Court will not reiterate the relevant background of the case. (*See* February 27, 2008, Decision and Order 1-3.) Instead, familiarity is assumed. To that background, the Court adds the following: Deducing that two of the plaintiffs, Alloc, Inc. ("Alloc") and Berry

---

[1] The patents-in-suit are U.S. Patent Nos. 5,860,267 (the '267 patent), 6,023,907 (the '907 patent), 6,182,410 (the '410 patent), 6,516,579 (the '579 patent), and U.S. Reissued Patent No. 39,439 (the RE '439 patent). The patents-in-suit are related to laminate wood flooring products designed and manufactured to be installed without the use of glue.

Finance, N.V. ("Berry"), no longer had the exclusive rights to the patents-in-suit, Pergo filed a motion to dismiss the instant case asserting that Alloc and Berry lacked standing. Alloc, Berry, and Välinge Innovation AB ("Välinge") (collectively the "Plaintiffs") then moved for leave to amend their complaint to seek recovery of past damages only; that is, any damages incurred while Alloc and Berry held the exclusive license to the patents-in-suit.

In its February 27, 2008, Decision and Order, the Court granted the Plaintiffs' motion to amend their complaint and denied Pergo's motion to dismiss. In denying Pergo's motion, the Court held that Alloc and Berry have standing to pursue an action for any damages that occurred when Alloc and Berry held the exclusive license to the patents-in-suit.

## ANALYSIS

### Reconsideration

In seeking reconsideration, Pergo relies upon Seventh Circuit case law setting forth the standards applicable to such motions. The Plaintiffs are silent on that standard. Absent disagreement, the Court will apply the standards articulated by the regional court of appeals.[2]

A motion to alter or amend a judgment is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment. *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1266 (7th Cir. 1995)

---

[2] The federal circuit's general practice is to apply the law of the regional circuit when reviewing non-patent issues. *See Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1359 (Fed. Cir. 1999) (en banc in relevant part); *See, e.g., Marquip, Inc. v. Fosber Am., Inc.*, 198 F.3d 1363, 1369-70 (Fed. Cir. 1999) (under Seventh Circuit Law, affirming denial of Rule 60(b) motion based on newly discovered evidence regarding accused device); *Ashland Oil, Inc. v. Delta Oil Prods. Corp.*, 806 F.2d 1031, 1033 (Fed. Cir. 1986) (under Seventh Circuit law, affirming denial of Rule 60(b) motion following a change of law).

-2-

(citing *Anderson v. Flexel, Inc.*, 47 F.3d 243, 247-48 (7th Cir.1995)). Thus, a Rule 59(e) motion can only be granted if there is "newly discovered evidence, an intervening change in the controlling law, [or] manifest error of law." *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). A motion under Rule 59(e) is not authorized "to enable a party to complete presenting his case after the court has ruled against him." *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996).

Pergo suggests that there has been both a manifest error of law and an intervening change in the law – either of which could serve as the basis for dismissal of Alloc and Berry's claims for lack of standing.

The general requirements of standing, as articulated in the Court's February 27, 2008, Decision and Order, are summarized in relevant part as follows:

> To demonstrate standing under Article III, a plaintiff . . . must allege an "'injury in fact' – an invasion of a legally protected interest." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) . . . . The Patent Act provides that only "[a] patentee shall have a remedy by civil action for infringement of his patent." 35 U.S.C. § 281; *Mentor H/S, Inc. v. Med. Device Alliance, Inc.*, 240 F.3d 1016, 1018 (Fed. Cir. 2001). Under 35 U.S.C. § 100(d), . . . 'patentee' includes not only the patentee to whom the patent was issued but also the successors in title to the patentee." Exclusive licensees holding all substantial rights to the patent meet this standard. *Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1377 (Fed. Cir. 2000) . . . . Unlike the patentee or the transferee of all substantial rights in the patent. . . an exclusive licensee ordinarily may not sue in its own name alone, but must join the patent owner in an action brought against an accused infringer." *Propat Int'l Corp. v. RPost, Inc.*, 473 F.3d 1187, 1193 (Fed. Cir. 2007) (citing *Indep. Wireless Tele. Co. v. Radio Corp. of Am.*, 269 U.S. 459, 464, 468-69 (1926)). In contrast, a "bare licensee . . . lacks standing . . . [and] cannot cure its lack of standing by joining the patentee as a party." *Propat*, 473 F.3d at

-3-

> 1193-94 (citing *Intellectual Property Development, Inc. v. TCI Cablevision of California, Inc.*, 248 F.3d 1333, 1348 (Fed. Cir. 2001)).

(Court's Feb. 27, 2008, Decision and Order 4-5.)

Pergo contends that the Court's determination that Alloc and Berry have standing is a manifest error of law because Alloc and Berry do not presently hold any proprietary interest in the patents-in-suit. In so contending, Pergo highlights present tense language used in *Ortho Pharmaceuticals Corp. v. Genetics Institute, Inc.*, 52 F.3d 1026, 1031 (Fed. Cir. 1995) and *Intellectual Property Development Inc. v. TCI Cablevision of California, Inc.*, 248 F.3d 1333, 1346 (Fed. Cir. 2001). These decisions, however, do not hold that to maintain an action for damages incurred the plaintiff must have a current proprietary interest. The present tense was used to describe the relevant facts of the two cases — not to articulate doctrine.

A "right of action is given to the person or persons owning the exclusive right [to use the patents-in-suit] at the time the infringement is committed." *Moore v. Marsh*, 74 U.S. 515, 522 (1869). *See also*, *Crown Die & Tool Co. v. Nye Tool & Mach. Works*, 261 U.S. 24, 40 (1923); *Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d 1574, 1579 (Fed. Cir. 1991). Assignment or termination of the proprietary interest in the patents-in-suit does not abrogate this right of action unless it is also accompanied by an explicit assignment of all causes of actions, including the right to sue for past infringement. *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1202-03 (Fed. Cir. 2005). The initial standing of the plaintiff

is assessed at the time of the original complaint, even if that complaint is later amended. *Id.* at 1203 n.3.

In this case, the termination of Alloc and Berry's exclusive licenses did not include the loss of the right to sue for past damages. Moreover, those rights were specifically reserved in the April 10 settlement between Berry and Välinge in which it was agreed that Berry is "allowed to continue litigation which was pending as of July 1, 2006."

Pergo further maintains that the Court has committed a manifest error of law in concluding that the right to sue for past damages could be contractually preserved. Pergo cites *Ortho Pharmaceutical Corp.*, 52 F.3d at 1034, contending that any contractual language purporting to give a nonexclusive, or bare, licensee the right to sue for past infringement has no effect on the licensee's standing because the party must have a proprietary interest in the patent to have a right to sue. Pergo correctly states the law, but the cited law is inapplicable to the instant case. Unlike the non-exclusive licensee plaintiffs in *Ortho*, Alloc and Berry had a proprietary interest at the time of the infringement. The *Ortho* plaintiffs did not have a proprietary interest.

Pergo also argues that the Court has committed a manifest error of law in determining that the settlement between Välinge and Pergo is "beside the point" when it comes to Alloc and Berry's ability to sue Pergo. (Def.'s Br. Supp. Mot. Recons. 10 (citing Court's February 27, 2008, Decision and Order 6).) Pergo contends that "settlement moots an action" citing *Gould v. Control Laser Corp.*, 866 F.2d 1391, 1392 (Fed. Cir. 1989).

-5-

Settlement between the parties to an action may moot an action. However, in this case there has been no settlement between Pergo and Alloc and Berry that addresses the damages sustained by Alloc and Berry as exclusive licensees at the time of the infringement. Indeed, Pergo's settlement with Välinge is beside the point. Additionally, Välinge is not a party because of any continuing claims against Pergo. Instead, Välinge is a party because the owner of the patent must allow the use of its name as a plaintiff in any action brought at the instance of an exclusive licensee to obtain damages from an infringer. *See Indep. Wireless Tele. Co.*, 269 U.S. at 469. Accordingly, the settlement between Pergo and Välinge does not affect Alloc and Berry's standing.

Pergo further asserts that the Court has committed a manifest error of law in finding that Välinge's presence in this action cures any standing defect created by Alloc and Berry's lack of "all substantial rights" to the patents-in-suit. (Def.'s Br. Supp. Mot. Recons. 14) (citing Court's February 27, 2008, Decision and Order 6).) Pergo asserts that the Court's finding is a manifest error because "a nonexclusive license confers no constitutional standing on the licensee to bring suit or to even join suit with the patentee." (Def.'s Br. Supp. Mot. Recons. 15) (citing *Sicom Sys., Ltd. v. Agilent Techs, Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005).)

Again, Pergo's argument is not applicable to this case. As the Court previously stated, even if Alloc and Berry never had "all substantial rights," at least they had more rights than a bare licensee and, thus, could sue as co-plaintiffs with the patentee for the alleged

-6-

damages suffered while Alloc and Berry held exclusive license. (Court's February 27, 2008, Decision and Order 6.)

Pergo next maintains that intervening law has changed the controlling law applied in the Court's February 27, 2008, decision, citing *Morrow v. Microsoft Corp.*, 499 F.3d 1332 (Fed. Cir. 2007). *Morrow* held that despite receiving the right to sue for past infringement GUCLT, a trust, could not maintain an action for damages for past infringement because GUCLT never held any proprietary interest in the patents-in-suit. *Id. Morrow* does not change controlling case law.

Pergo's legal argument is that a contract for the right to sue without a proprietary interest is not enough to establish standing. Pergo is correct, but the legal principle is not controlling in this case because Alloc and Berry had a proprietary interest and the right to sue.

In further advocating that there has been an intervening change in the controlling law, Pergo asserts that *International Gamco, Inc. v. Multimedia Games, Inc.*, 504 F.3d 1273 (Fed. Cir. 2007), establishes that a contract giving the exclusive right to sue is not binding. Pergo asserts that the *Gamco* court "disregarded the contractual provision granting Gamco the exclusive right to sue, and instead focused on whether the substantive rights conveyed by the license were sufficient to give rise to an independent right to sue. The court concluded that they were not." (Def.'s Br. Supp. Mot. Recons. 10)(citing *Int'l Gamco, Inc.*, 504 F.3d at 1279-80.) Again, Pergo's summation of *Gamco* is correct, but the decision does not alter the controlling law.

-7-

Alloc and Berry have not sought to establish an independent right to sue. At all times, the patentee, Välinge, has been a party to the suit negating the need to consider whether Alloc and Berry are capable of establishing an independent right to sue. Based on the foregoing, Pergo's motion for reconsideration is denied.

**Certification for Interlocutory Appeal**

With respect to Pergo's alternative request for an interlocutory appeal, Section 1292(b) of Title 28 of the United States Code, provides for certification of an interlocutory appeal when the district judge concludes that: (1) "such order involves a controlling question of law;" (2) "there is substantial ground for difference of opinion;" and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." Interlocutory appeals should only be granted when the applicant can show exceptional circumstances that justify a departure from the basic policy of postponing appellate review until after a final judgment is entered. *Fisons Ltd. v. United States*, 458 F.2d 1241, 1248 (7th Cir. 1972).

Pergo contends that certification of the matter for an interlocutory appeal is necessary because the precise standing issues raised by the unique facts of this case do not appear to have been considered by the Court of Appeals for the Federal Circuit. Pergo proposes two questions for certification:

> 1. Does a former exclusive licensee have standing to sue for alleged patent infringement that occurred during the time when it held exclusionary rights to the patent?

> 2. Does a former exclusive licensee have standing to sue for alleged patent infringement that occurred during the time when it held exclusionary rights to the patent, if the patentee has given the accused infringer a full release from "any and all" liability for infringement and given the accused infringer a [nonexclusive] license to make and use the patented technology?

(Def.'s Br. Supp. Mot. Recons. 17.)

Alloc and Berry oppose certification of the questions. They also counter that Pergo has not proposed the correct questions. (Br. Opp'n Pergo's Mot. Recons. 6-7.)

In reply, Pergo agrees with Alloc and Berry's reformulation of the first question. Except with respect to the second of Alloc and Berry's three proposed changes to the second question, Pergo is also in agreement with their reformulation of that question.

As to the disputed reformulation of the second question, Alloc and Berry's second change to that question by inserting the phrase "going forward" immediately following the phrase "if the patentee has given the accused infringer a full release from "any and all" liability for infringement," is consistent with the settlement agreement. Therefore, Court will consider the second proposed question for interlocutory appeal as reformulated by Alloc and Berry.

The facts of the instant case are unique and there is currently no decision that directly addresses the questions posed. The questions are controlling questions of law, and if answered in the negative, Alloc and Berry would be unable to sue Pergo. This would have a material affect on the ultimate termination of the instant litigation.

-9-

However, in order to warrant certification of an interlocutory appeal, the applicant must also show that there exists substantial ground for difference of opinion with regards to the controlling questions of law. 28 U.S.C. § 1292(b). As reformulated the first question is:

> Does a former exclusive licensee have standing to maintain a lawsuit brought when it was the exclusive licensee for damages that occurred when it was the exclusive licensee, where the patentee was and still is a party to the suit.

As reformulated the second question is:

> Does a former exclusive licensee have standing to sue for alleged patent infringement that occurred during the time when it held exclusionary rights to the patent, brought when it was the exclusive licensee with the patentee as a co-plaintiff, if the patentee has given the accused infringer a full release from "any and all" liability for infringement going forward and given the accused infringer a [nonexclusive] license to make and use the patented technology going forward?

Pergo has not established that either proposed question presents substantial ground for difference of opinion.

As previously discussed, the key aspect of standing in a patent action is whether the plaintiff or plaintiffs had an exclusive license to use the patents-in-suit at the time that the infringement occurred. The answer to the first question is "yes," a former exclusive licensee has standing to maintain a lawsuit brought when it was the exclusive licensee for damages that occurred when it was the exclusive licensee, where the patentee was and still is a party to the action. The answer to the second question, referring to the settlement, is also "yes." The

-10-

settlement between Välinge and Pergo was a full release from "any and all" liability for infringement going forward and gave Pergo a [nonexclusive] license to make and use the patented technology going forward. However, that settlement does not abrogate Alloc and Berry's rights as exclusive licensees to maintain an action brought when they were the exclusive licensees, with Välinge as a co-plaintiff, to recover damages caused by the infringement during the time when they held exclusionary rights to the patent. Therefore, Pergo's alternative motion to certify certain controlling questions of law for interlocutory appeal is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Pergo's motion for reconsideration of the Court's February 27, 2008, Decision and Order and, in the alternative, for an interlocutory appeal (Docket No. 232) is **DENIED**.

Dated at Milwaukee, Wisconsin this 19th day of August, 2008.

**BY THE COURT**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**Chief Judge**

-11-

Case 2:00-cv-00999-RTR   Filed 08/19/08   Page 11 of 11   Document 236