UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALLOC, INC., a Delaware corporation,
BERRY FINANCE N.V., a Belgian corporation, and
VÄLINGE INNOVATION AB (f/k/a VÄLINGE
ALUMINUM AB), a Swedish corporation,

                    Plaintiffs-Counterclaim Defendants,

                                                                                       Case No.  00-C-999

      -vs-

PERGO, LLC, a Delaware limited liability company,

                    Defendant-Counterclaimant.

## DECISION AND ORDER

This Decision and Order addresses two motions to seal filed in this patent infringement action. The first motion to be addressed is that of Pergo, LLC ("Pergo"), pursuant to General Local Rule 79.4(d), which seeks leave to file under seal Exhibits N, R, S, AA, CC, GG, KK, LL, WW, and XX to the Declaration of Douglas R. Nemec ("Nemec Declaration") in support of Pergo's briefs in support of its motions for summary judgment. Pergo states that it is seeking to protect two types of information: (1) sensitive and confidential business information concerning the volume and value of sales of Pergo's accused products that have been designated as restricted or confidential; and, (2) confidential documents, drawings and deposition testimony from this case or related litigation regarding the design and use of products made and sold by the parties and non-parties to this litigation

that have been designated restricted or confidential. The time for the filing of a response to the motion has passed, *see* Civil Local Rule 7.1 (b), and no response has been filed.

Based on its review of the exhibits and consideration of the applicable case law, the Court finds that good cause exists for sealing Exhibits N, R, S, AA, CC, GG, KK, LL, WW, and XX to the Nemec Declaration in support of Pergo's briefs in support of its motions for summary judgment. *See County Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007) (holding that courts must have sufficient factual information to independently determine whether "good cause" exists for sealing a paper that has been filed or a portion of a motion or brief setting forth the contents of that document.) The sealing order will expressly provide that any party and any interested member of the public may challenge the sealing of those papers. *See id.*

The second motion to be addressed is that of Plaintiffs Alloc, Inc., Berry Finance, N.V., Välinge Innovation AB, (collectively "Alloc") which seeks leave to file under seal: (1) Exhibits 8, 11, 13 through 17, 23, 26, 35, 36, 40, 49, 53, 54, 58, 59, 60 through 62, 65 through 67, and 70 to the Declaration of David I. Roche ("Roche") in support of Alloc's briefs in opposition to Pergo's motions for summary judgment; (2) Alloc's opposition brief to Pergo's motion for summary judgment on the grounds of laches; and, (3) Alloc's responses and additional factual propositions to Pergo's proposed findings of fact in support of its motion for summary judgment on the grounds of laches.

The case law of this Circuit emphasizes the Court's role in sealing documents that are filed. *See e.g., Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002);

*Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858-59 (7th Cir. 1994). The Court must have sufficient factual information to independently determine whether "good cause" exists for sealing a paper that has been filed or a portion of a motion or brief setting forth the contents of that document. *See Allan Block Corp.*, 502 F.3d at 740. Any sealing order must make explicit that any party and any interested member of the public can challenge the secreting of particular documents. *Id.*

Exhibit 26 is a Pergo product advertisement and installation instructions for Pergo products. The Court questions the existence of "good cause" for sealing those papers that were likely to have been disseminated to the public. Moreover, Alloc's motion does not include any facts that could support an independent finding of "good cause" to seal the proffered papers or Alloc's opposition brief and Alloc's responses and additional factual propositions to Pergo's proposed findings of fact in support of its motion for summary judgment on the grounds of laches. The Court will allow the parties to file a short statement of any facts which they believe establish good cause to seal the proffered papers produced in discovery, and excerpts of, or discussions of them in Alloc's opposition brief, and its responses and additional factual propositions to Pergo's proposed findings of fact in support of its motion for summary judgment on the grounds of laches. The parties may file that statement of facts by December 31, 2009. After that date, the Court will decide Alloc's motion to seal.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Pergo's motion to seal (Docket No. 277) is **GRANTED**;

**The Clerk of Court is directed to file under seal** Exhibits N, R, S, AA, CC, GG, KK, LL, WW, and XX to the Nemec Declaration in support of Pergo's briefs in support of its motions for summary judgment;

Any party or interested member of the public may challenge the sealing of any or all of the following papers: Exhibits N, R, S, AA, CC, GG, KK, LL, WW, and XX to the Nemec Declaration in support of Pergo's briefs in support of its motion for summary judgment; and

**No later than December 31, 2009,** the parties may file a statement of any facts that they believe provide the basis for sealing Exhibits 8, 11, 13 through 17, 23, 26, 35, 36, 40, 49, 53, 54, 58, 59, 60 through 62, 65 through 67, and 70 to the Roche Declaration in support of Alloc's briefs in opposition to Pergo's motions for summary judgment; Alloc's opposition brief to Pergo's motion for summary judgment on the grounds of laches; and, Alloc's responses and additional factual propositions to Pergo's proposed findings of fact in support of its motion for summary judgment on the grounds of laches.

Dated at Milwaukee, Wisconsin this 15th day of December, 2009.

                **BY THE COURT**

                *s/ Rudolph T. Randa*
                **Hon. Rudolph T. Randa**
                **U.S. District Judge**