UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALLOC, INC., a Delaware corporation,
BERRY FINANCE N.V., a Belgian corporation, and
VÄLINGE INNOVATION AB (f/k/a VÄLINGE
ALUMINUM AB), a Swedish corporation,

            **Plaintiffs-Counterclaim Defendants,**

                                            Case No. 00-C-999

    -vs-

PERGO, L.L.C., a Delaware limited liability company,

            **Defendant-Counterclaimant.**

## DECISION AND ORDER

This Decision and Order addresses three motions to seal filed in this patent infringement action. The first motion to be addressed is that of the Plaintiffs, Alloc, Inc., Berry Finance, N.V., Välinge Innovation AB, (collectively "Alloc"), seeking leave to file under seal the following papers: (1) Exhibits 8, 11, 13 through 17, 23, 26, 35, 36, 40, 49, 53, 54, 58, 59, 60 through 62, 65 through 67, and 70 to the Declaration of David I. Roche ("Roche") in support of Alloc's briefs in opposition to Pergo L.L.C.'s ("Pergo") motions for summary judgment; (2) Alloc's opposition brief to Pergo's motion for summary judgment on the grounds of laches; and, (3) Alloc's responses and additional factual propositions to Pergo's proposed findings of fact in support of its motion for summary judgment on the grounds of laches.

By a December 15, 2009, Decision and Order, the Court allowed the parties to file a short statement of any facts which they believe establish good cause to seal the proffered papers produced in discovery, and excerpts of, or discussions of them in Alloc's opposition brief, and its responses and additional factual propositions to Pergo's proposed findings of fact in support of its motion for summary judgment on the grounds of laches, because it noted that Alloc's motion did not include any facts that could support an independent finding of "good cause" to seal those documents.

Based on the Court's review of the joint statement of facts filed by the parties in support of Alloc's motion to seal, it finds "good cause" to seal the proffered materials. *See County Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007). The sealing order will expressly provide that any party and any interested member of the public may challenge the sealing of those papers. *See id.*

The second motion to seal is Alloc's motion to seal three documents[1] filed in connection with Alloc's motion to limit the testimony of Pergo's expert to opinions on infringement expressed in his responsive report of September 25, 2009, and its motion to strike the supplemental expert report of Richard Kaczkowski ("Kaczkowski"). The documents are (1) Exhibit F (UNILIN 04271, which is part of exhibit 9 to the deposition of Bernard Thiers ("Thiers") taken in this action), a quality control document marked as confidential and restricted by Unilin, a former party to this case; (2) Exhibit G (Product Specification: Pergo Presto, produced as PERGO 3908-09), marked as confidential and

---

[1] Alloc's motion refers to the documents as exhibits E through G. However, the documents are marked as exhibits F through H. The Court has referred to the documents by the latter, and correct, designation.

restricted by Pergo in this case; and (3) Exhibit H (Product Specification – Pergo Accolade Smartlock and Select Click 10mm, produced as PERGO 6141-44, 6153-57), marked as confidential and restricted by Pergo in this case.

Alloc states that it is filing the sealing request as required by the Court's October 26, 2006, stipulated protective order and that the documents are internal specifications and quality control documentation. Based on its review of the subject documents, the Court concludes that they contain confidential business information and, therefore, the Court finds good cause to seal them. *See id.* Once again the sealing order will explicitly that any party and any interested member of the public can challenge the secreting of such documents. *Id.*

The third motion to seal was filed by Pergo requesting that the Court enter a sealing order as to the following documents filed with the Court: (1) Exhibit FFF to Declaration of Douglas R. Nemec ("Nemec") in support of Pergo's reply briefs in further support of its motions for summary judgment (2) Exhibit GGG to Nemec Declaration in support of Pergo's reply briefs in further support of its motions for summary judgment; (3) An unredacted version of Pergo's reply brief in further support of its motion for summary judgment on the grounds of laches; and (4) An unredacted version of Pergo's responses to Alloc's additional proposed factual propositions in opposition to Pergo's motion for summary judgment on the grounds of laches.

Based upon the information contained in Pergo's motion and the Court's review of the documents that specifically discuss or directly contain information which it has deemed

confidential, the Court finds that good exists to seal them. *Id*. As with the prior sealing orders, the order will specifically provide that any party and any interested member of the public can challenge the secreting of such documents.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Alloc's motion to seal (Docket No. 295) is **GRANTED**;

**The Clerk of Court is directed to file under seal**: (1) Exhibits 8, 11, 13 through 17, 23, 26, 35, 36, 40, 49, 53, 54, 58, 59, 60 through 62, 65 through 67, and 70 to the Roche Declaration in support of Alloc's briefs in opposition to Pergo's motions for summary judgment (Docket No. 299); (2) Alloc's opposition brief to Pergo's motion for summary judgment on the grounds of laches (Docket No. 297); and, (3) Alloc's responses and additional factual propositions to Pergo's proposed findings of fact in support of its motion for summary judgment on the grounds of laches (Docket No. 298);

Any party or interested member of the public may challenge the sealing of any or all of the following papers: Exhibits 8, 11, 13 through 17, 23, 26, 35, 36, 40, 49, 53, 54, 58, 59, 60 through 62, 65 through 67, and 70 to the Roche Declaration in support of Alloc's briefs in opposition to Pergo's motions for summary judgment; (2) Alloc's opposition brief to Pergo's motion for summary judgment on the grounds of laches; and, (3) Alloc's responses and additional factual propositions to Pergo's proposed findings of fact in support of its motion for summary judgment on the grounds of laches;

Alloc's motion to seal (Docket No. 308) is **GRANTED**;

-4-

**The Clerk of Court is directed to file under seal:**

The following documents filed in connection with Alloc's motion to limit the testimony of Pergo's expert to opinions on infringement expressed in his responsive report of September 25, 2009, and its motion to strike the supplemental expert report of Kaczkowski (Docket No. 323): (1) Exhibit F; (2) Exhibit G; and (3) Exhibit H;

Any party or interested member of the public may challenge the sealing of any or all of the following papers: (1) Exhibit F; (2) Exhibit G; and (3) Exhibit H filed in connection with Alloc's motion to limit the testimony of Pergo's expert to opinions on infringement expressed in his responsive report of September 25, 2009, and its motion to strike the supplemental expert report of Kaczkowski;

Pergo's motion to seal (Docket No. 318) is **GRANTED**;

**The Clerk of Court is directed to file under seal**:

(1) Exhibit FFF to the Nemec Declaration in support of Pergo's reply briefs in further support of its motions for summary judgment and (2) Exhibit GGG to Nemec Declaration in support of Pergo's reply briefs in further support of its motions for summary judgment (Docket No. 329); (3) An unredacted version of Pergo's reply brief in further support of its motion for summary judgment on the grounds of laches (Docket No. 327); and (4) An unredacted version of Pergo's responses to Alloc's additional proposed factual propositions in opposition to Pergo's motion for summary judgment on the grounds of laches (Docket No. 328); and,

Any party or interested member of the public may challenge the sealing of any or all of the following papers: (1) Exhibit FFF to the Nemec Declaration in support of Pergo's reply briefs in further support of its motions for summary judgment and (2) Exhibit GGG to Nemec Declaration in support of Pergo's reply briefs in further support of its motions for summary judgment; (3) An unredacted version of Pergo's reply brief in further support of its motion for summary judgment on the grounds of laches; and (4) An unredacted version of Pergo's responses to Alloc's additional proposed factual propositions in opposition to Pergo's motion for summary judgment on the grounds of laches.

Dated at Milwaukee, Wisconsin this 24th day of September, 2010.

**BY THE COURT**

*s/ Rudolph T. Randa*

**Hon. Rudolph T. Randa**
**U.S. District Judge**